STEVE STEVENSON ET AL., PLAINTIFFS-RESPONDENTS, v. THE NORTH JERSEY PUBLISHING COMPANY, DEFENDANT-APPELLANT.

Submitted January 21, 1936—Decided September 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Grosso & Anderson*.

For the respondents, *Louis J. Goldberg* and *Ralph N. Solodar*.

PER CURIAM.

This is an appeal from a judgment of the Essex County Court of Common Pleas in a suit for money alleged to be due under two contracts of employment.

The claim of the plaintiff Steve Stevenson was that he was employed by the defendant company, publisher of the Orange Daily Courier, on October 15th, 1930, at a salary of $50 per week for a period of six months, after which he was to receive $75 per week and was to be paid in one lump sum an amount sufficient to make up to $75 per week his salary

for the six months he had received $50 per week. The same sort of an agreement was alleged by the other plaintiff, Mabel Gouldy Stevenson, except the figures were $25 a week to be increased at the end of six months to $40, and the arrearages to be paid. They were employed as newspaper reporters and writers. The defense was a denial of any such contract, and it was claimed by defendant that the sums paid plaintiffs were the full salaries agreed to be paid.

The plaintiff testified that his first conversation regarding employment of him and his wife was with Harry Balch, president of defendant company, and Charles E. Marsh, who was not an officer of the defendant but was an officer of General Newspapers, Incorporated, which was a stockholder in defendant. The principal point in dispute is Marsh's authority to bind defendant. After the first conversation on October 15th, 1930, Stevenson was told to bring his wife to the Hotel Vanderbilt that night to meet with Marsh and Balch and conclude the contract. At the night meeting, Balch was not present, and the contract relied on by plaintiffs was concluded between them and Marsh. Defendant denies that any such contract was made and denies Marsh's authority to make it.

Plaintiffs' proofs were that they worked at the salary agreed upon, and after more than six months had passed, Stevenson spoke to Balch about the increase and the back pay and was told that the paper did not have the money and Mr. Marsh would have to advance it. Later Stevenson took the matter up with Marsh and received Marsh's check for $200 on account. He received no more of the back pay nor did he receive the increase. Mrs. Stevenson received nothing above the $25 per week.

The trial court took the view that there was evidence from which the jury might find that the defendant, through its president, Balch, knew of the terms of the agreement between plaintiffs and Marsh, and from which they might find the defendant had ratified the contract.

The first point is that it was error to permit Stevenson to answer the following question: "Will you tell the gist of that conversation." This refers to the conversation with Marsh

when the contract of hiring was consummated. The objection was on the ground that Marsh's authority to bind the defendant had not been shown. We think the question was admissible, subject to evidence being produced of Marsh's authority, and in view of the subsequent evidence on the subject of ratification, we are of the opinion that the question was properly allowed. There was no motion to strike.

The second point is that the motions to nonsuit and direct a verdict should have been granted because there was no evidence of a contract duly entered into by the defendant. We think, in view of the testimony that Balch knew of the terms of the contract, and in view of his conduct in continuing plaintiffs in the employ of the defendant, that there was evidence from which the jury might find that Marsh had authority or at least that there was ratification by the defendant.

Point three is that "since ratification was not pleaded and plaintiffs were limited by particulars to proof of agency, the court's submission of the case to the jury on the theory of ratification was harmful error." This is based on grounds of appeal dealing with the charge of the court on this subject. We think the complaint alleged the contract with sufficient broadness to permit proof of the contract by ratification. The bill of particulars mentioned does not appear to be printed in the record so we cannot deal with that.

Point four, embracing grounds of appeal 3, 4, 5 and 6, attempts to argue rulings on the admission of evidence, but an examination of the record reveals that none of the questions set out in those grounds of appeal were excepted to by counsel.

Point five relates to testimony of Edward W. Neill, an employe of the defendant, regarding a conversation with Balch which tended to show knowledge on the part of Balch of the arrangement for withholding a part of Stevenson's salary. Balch admittedly being the president and authorized agent of the defendant, this proof was competent on the question of knowledge and ratification.

Finding no harmful error, the judgment is affirmed, with costs.